# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **EUGENE V. SMALLS, SR.,** | ) | |
| Plaintiff, | ) | Case No. 7:18CV00581 |
| v. | ) | **OPINION AND ORDER** |
| **BARRY KANODE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Eugene V. Small, Sr., Pro Se Plaintiff.*

The plaintiff, Eugene V. Smalls, Sr., a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA). His Complaint alleges multiple violations of his constitutional and statutory rights by two dozen prison officials over the past two years at two different prisons. Smalls only recently completed financial requirements to proceed with the case, and it has not yet been served on the defendants. It is currently being screened under 28 U.S.C. § 1915A(b)(1). Smalls has also filed a motion that the court construed and docketed as seeking preliminary injunctive relief. After review of this motion, I will deny it.

Smalls asserts that the court should order his transfer "from the Western Region to the Eastern Region as a way of protecting" him and his ability to "receive a fair hearing on his claims." Mot. 1, ECF No. 5. He alleges that he has

seen security and staff members at Wallens Ridge State Prison ("WRSP"), where he is currently confined, "enter inmates [sic] cells and throw away legal documents that they have filed against the facility or any facility within their Region." *Id.* Smalls also alleges that he has overheard officers "boast to inmates about throwing away inmates [sic] legal documents as a way of protecting their facilities from legal actions/lawsuits." *Id.* He states his belief that "it is very important this court protect me . . . from Retaliation by security and staff members" at WRSP. *Id.*

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citations omitted), such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

Smalls' fears of retaliatory document destruction are nothing more than speculation, based on past events that did not involve Smalls. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than conclusory allegations for

§ 1983 retaliation claim).  Indeed, Smalls does not indicate that any prison officials currently know about this lawsuit.  As stated, it has not yet been served on the defendants, many of whom do not even work at WRSP.  For these reasons, I find that Smalls has not shown a likelihood of imminent or irreparable harm he will suffer in the absence of court intervention.  Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for a Preliminary Injunction, ECF No. 5, is **DENIED**.

        ENTER: January 18, 2019

        /s/ James P. Jones
        United States District Judge