# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EUGENE V. SMALLS, SR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:18CV00581 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BARRY MARANO, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Eugene V. Smalls, Sr., Pro Se Plaintiff; Laura E. Maughan, Assistant Attorney General, Richmond, Virginia, Kathleen M. McCauley and Taylor D. Brewer, Moran Reeves & Conn PC, Richmond, Virginia, for Defendants.*

The plaintiff, Eugene V. Smalls, Sr., a Virginia inmate proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act. He alleges that as a paraplegic, he is not receiving appropriate medical care and physical accommodations at Wallens Ridge State Prison ("WRSP"). Months after filing his Amended Complaint, Smalls has filed a motion seeking a preliminary injunction directing prison officials to transfer him to Deerfield Correctional Center ("Deerfield") for immediate treatment of constipation. After review of the record, I conclude that Smalls' motion must be denied.

I.

Smalls has been a paraplegic for 27 years.[1]  In his motion, he alleges that in August of 2019, prison officials transported him to the Medical College of Virginia ("MCV") for treatment related to his inability "to pass gas or stool."  Mot. 1, ECF No. 67.  An MCV specialist told Smalls that because of his medical conditions, he should be housed at a facility with a 24-hour medical unit.  According to Smalls, the specialist also ordered that the medical staff at Wallens Ridge State Prison ("WRSP") should give Smalls a Fleet enema twice each week, starting immediately upon his return to WRSP.  Smalls alleges that this treatment was not promptly provided.  On some occasions, a nurse would bring Smalls the enema equipment and direct him to perform the enema on himself.  In his motion, dated September 15, 2019, Smalls complains that he is physically unable to use the enema equipment on himself and is once again finding it painfully difficult to pass gas or stool.  He asks the court to order that he be transferred to Deerfield Correctional Center where he believes his medical needs will be more effectively addressed.

Given the nature of Smalls' allegations, I ordered the warden of WRSP to respond to his motion and provide appropriate evidence on the issues Smalls raised therein.  The warden has responded.  He argues that based on an affidavit by T.

---

[1] My summary of Smalls' allegations is stated in the light most favorable to him and is not intended as any finding of fact.

Townsend, R.N., about the medical care Smalls has received, the motion for interlocutory injunctive relief should be denied.

Townsend's affidavit provides a slightly different version of events than Smalls alleges and includes treatment provided since the date of Smalls' motion. Townsend states that before September 13, 2019, a physician had ordered Lactulose for Smalls as treatment for his reported difficulty moving his bowels. In mid-August, the MCV specialist recommended that Smalls be provided frequent enemas and undergo a colonoscopy. After receiving these recommendations, the WRSP physician ordered on September 3, 2019, that Smalls be given pre-packaged enemas that he could self-administer in his cell. Because Smalls is able to use the toilet and insert his urinary catheters by himself in his cell without assistance, the enemas were initially ordered to be self-administered. On September 5, 2019, the WRSP physician also ordered that Smalls be scheduled for a colonoscopy. In addition, Smalls was seen in the medical department that day as a follow up to his MCV appointment.

According to Townsend, Smalls refused an enema on September 7, 2019. He received his first enema package on September 10, 2019, and was provided additional enema packages on September 14, 17, and 21, 2019, that were intended to be self-administered. On September 23, 2019, a week after Smalls signed and mailed his motion to the court, he reported to medical staff that he was having

difficulty self-administering the enemas. Thereafter, he was instructed to come to the medical department for assistance in administering the enemas, which he did on September 24, 28, and October 1. On those dates, the medical staff performed the enemas.

Townsend states that on October 4, 2019, Smalls was transferred to the medical unit at the State Farm Enterprise Unit to facilitate his presence at an appointment at MCV on October 8, 2019, for a colonoscopy. The early transfer allowed time for Smalls to undergo the required preparations to clear his digestive tract for the procedure.

Smalls has informed the court that he was returned to WRSP on October 9, 2019. He remained in isolation for two days and then was released into the general population.

II.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (internal quotation marks and citation omitted).

In his Amended Complaint, Smalls alleges claims that after his transfer to WRSP in 2017, the limited number of catheters provided to him caused him to develop infections; the inability to use his medical leg braces and boots led to foot problems; the recreation areas were not wheelchair accessible, depriving Smalls of a medical need for daily exercise and physical therapy; Smalls was not provided with a handicap cell; the kiosk computer and unit telephones were not wheelchair accessible; and mirrors, signs, and notices were posted too high for a wheelchair-bound inmate to utilize.[2]  In his current motion, however, Smalls demands an emergency transfer for treatment of constipation — a medical condition not related to any of the issues raised in his Amended Complaint.  Indeed, he fails to state any facts connecting the defendants' conduct alleged in the Amended Complaint to the harms he seeks to prevent through his current motion, which concerns much more recent, unrelated events.  Because Smalls has not established any relationship between the injury claimed in his motion and the conduct asserted in his underlying pleading, I cannot find that the requested injunctive relief is warranted in this case.

In addition, Smalls has not made the necessary factual showing for the relief he seeks.  Preliminary injunctive relief is an extraordinary remedy.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Accordingly, the party seeking such

---

[2] The defendants have filed dispositive motions as to these claims that I do not address in this Opinion and Order.

relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. All four factors must be met. *Id.*

Smalls has not demonstrated a likelihood of success on any § 1983 claim for denial of treatment of his constipation issues. Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). I will assume for purposes of this opinion that Smalls had a serious medical need for treatment of constipation. He must also show, however, that prison officials "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* Mere disagreements between a prisoner and his treating physician over the proper course of treatment "fall short of showing deliberate indifference." *Id.*

Clearly, over the last several months, Smalls has been receiving treatment for his constipation issues: Lactulose to help him move his bowels, consultations with the MCV specialist, and enemas and a colonoscopy as recommended by the specialist. At the most, Smalls has alleged dissatisfaction with the timing and the self-administration aspect of the treatment provided to address his constipation. Within days of his report that he could not self-administer the enemas, however, the

order was changed to allow him to come to the medical unit for those procedures. I cannot find from the record that Smalls has demonstrated a likelihood of success on a claim that anyone acted with deliberate indifference to his constipation problems.[3] Moreover, a prisoner like Smalls has no constitutional right to be transferred to any particular prison, as Smalls has demanded. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Without showing a likelihood of success on the merits, Smalls cannot meet all four *Winter* factors so as to warrant the immediate court intervention he seeks.

III.

After review of the record, it is **ORDERED** as follows:

1. The plaintiff's motion seeking interlocutory injunctive relief, ECF No. 67, is DENIED;

2. The Motion to Dismiss for Lack of Prosecution, ECF No. 64, brought by defendants Gilbert, Mullins, Smith, Stanford (identified in the Amended Complaint as Standford), and Townsend, is DENIED, because the plaintiff filed a timely response to the prior dispositive motions submitted by these defendants. Pl.'s Resp. Opp'n, ECF No. 55; and

---

[3] For this reason, I also decline to construe the motion for interlocutory injunctive relief as an amendment to this lawsuit.

3.      The clerk is DIRECTED to amend the docket to change the defendant Ms. Standford to Ms. Stanford, to reflect the proper spelling used in the defendant's pleadings.

                                       ENTER: November 5, 2019

                                       /s/ *James P. Jones*
                                       United States District Judge